IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| PENN-AMERICA INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>vs.<br><br>THE ANCHOR LLC, d/b/a GRAHAM PROPERTIES LLC; and JASON CUMMINGS,<br><br>    Defendants. | Case No. 3:09-cv-0049-RRB<br><br>**ORDER GRANTING**<br>**MOTION FOR SUMMARY JUDGMENT** |

## I. INTRODUCTION

Before the Court is Plaintiff Penn-America Insurance Company with a Motion for Summary Judgment at Docket 61. Penn argues that it is entitled to summary judgement in this declaratory judgment action because Defendant The Anchor, LLC, owner of an Anchorage bar by the same name, has failed to supply any evidence that it is entitled to assault liability insurance coverage from Penn under an estoppel theory. The Anchor opposes at Docket 122, arguing that Penn is estopped from denying coverage. Specifically, The Anchor claims that it was misled by Alaska USA Brokers and Penn when it

was led to believe that no liability insurance could be obtained for its business operations without a coverage exception for assaults by bar patrons.

**II. BACKGROUND**

The facts are well-known to the parties and need not be recited in great detail here. The Anchor is a bar that began operation in 2007. In 2006, prior to opening, The Anchor hired Alaska USA to find a liability insurance policy to cover its business activities. Alaska USA was able to obtain such a policy from Penn, and the parties initiated an insurance policy for The Anchor in November 2006. The policy contained a coverage exception for injuries stemming from "'assault,' 'battery,' or 'physical altercation,'" on the premises of the bar. It is an undisputed fact that The Anchor was aware of the assault exception at least as early as August 2007, and the policy clearly stated the exclusion when it was issued in 2006.

On November 4, 2008, Jason Cummings filed suit against The Anchor in Alaska Superior Court. In that suit, Cummings alleged that he was injured at The Anchor in an assault by one or more bar patrons on October 20, 2007.[1]

---

[1] Docket 31 at 3.

The present suit was brought by Penn, which seeks a declaratory judgment regarding its obligation to defend and indemnify The Anchor in Cummings' underlying state tort action. This Court has previously ruled that, due the coverage exception for "'assault,' 'battery,' or 'physical altercation,'" the terms of the liability insurance policy issued by Penn to The Anchor preclude liability and medical payments coverage for the injuries sustained by Defendant Jason Cummings on October 20, 2007. The Court has also ruled that any negligence on the part of The Anchor's co-defendant Alaska USA Brokers in improperly obtaining liability coverage cannot be imputed to Penn on an agency theory.

**III. RULE OF DECISION**

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law.[2] The moving party always bears the burden of demonstrating the absence of a material issue of fact.[3] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[4] Once the moving party meets this burden, the non-moving party must set forth evidence of

---

[2] Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

[3] Celotex, 477 U.S. at 323.

[4] Id. at 323-325.

specific facts showing the existence of a genuine issue of material fact.[5] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[6]

**IV. DISCUSSION**

Due to the Court's prior rulings granting partial summary judgment to Penn, the only remaining rationale for The Anchor to receive insurance coverage from Penn for Cummings' injuries is The Anchor's fourth affirmative defense, which alleges that Penn is estopped from denying coverage. A party invoking equitable estoppel as an affirmative defense must show 1) assertion of a position by conduct or word, 2) reasonable reliance thereon, 3) resulting prejudice, and 4) the estoppel will be enforced only to the extent that justice so requires.[7]

In its very brief response to the instant motion, The Anchor discusses the factual basis for this defense:

> The insurance had an Assault and Battery Exclusion. [...]
> When The Anchor became aware of same, it went through

---

[5] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, (1986).

[6] Id.

[7] Ogar v. City of Haines, 51 P.3d 333, 335 (Alaska, 2002) (quoting Municipality of Anchorage v. Schneider, 685 P.2d 94, 97 (Alaska, 1984)).

Alaska USA Insurance Brokers, who informed The Anchor such insurance was not commercially feasible.[8] According to The Anchor, it was able to obtain assault coverage through Alaska USA after Cummings' injury occurred.[9] The Anchor apparently believes that its ability to obtain coverage after the October 2007 incident belies the notion that no such coverage was "commercially feasible" at the time that The Anchor first obtained insurance in 2006 or just after the bar opened in 2007.

Assuming, as the Court must, that all of The Anchor's factual assertions at this stage are true, they are still insufficient to support an estoppel defense. As noted above, estoppel can only be enforced where "justice so requires." The Anchor has failed to establish that Penn's actions were in any way inequitable or unjust, such that enforcing the terms of the policy would violate the principles of equity. Penn had no obligation to provide The Anchor with assault coverage at any price. Thus, Penn had every right to inform Alaska USA and, by extension, the Anchor, that it would not provide assault coverage at a "commercially feasible" rate.

Of course, it may be that Alaska USA and The Anchor could have obtained assault coverage from another insurance company at a

---

[8] Docket 122 at 1-2.

[9] Docket 122 at 2.

ORDER GRANTING SUMMARY JUDGMENT - 5
3:09-CV-0049-RRB

reasonable rate. The fact that they did obtain such insurance later on does not ipso facto prove that such coverage was available prior to Cummings' injury. Even if assault coverage had been available, The Anchor's claims would lie against Alaska USA, for possible negligence or breach of contract in failing to find a suitable policy when such was readily obtainable. Penn cannot be held liable for any alleged misrepresentations or errors by Alaska USA because the Court has already determined that Alaska USA did not act as an agent of Penn.

The Anchor cites a New Mexico Supreme Court case, <u>Barth v. Coleman</u>, 878 P.2d 319 (N.M., 1994), to establish "the potential application of estoppel due to miscommunication" and "the failure to clearly disclose the policy terms to lay non-insurance persons".[10] However, as noted above, the Anchor has not furnished any evidence that Penn made miscommunicated or failed to disclose the terms of the policy. Indeed, the evidence before the Court is that the assault exception was well known to The Anchor prior to Cumming's injury. The Anchor has had more than sufficient time to discover evidence of any miscommunication, impropriety or

---

[10] Docket 122 at 2.

inconsistent conduct by Penn.[11] The Anchor has not met the burden of production necessary to defeat a motion for summary judgment.

## V. CONCLUSION

Because The Anchor has supplied no evidence that it was purposely or negligently misled by Penn with regard to the terms of the policy or the availability of assault coverage, Penn's Motion for Partial Summary Judgment Re Estoppel at **Docket 61** is **GRANTED.** It is the Court's understanding that this resolves all claims and defenses between Penn and The Anchor in favor of Penn. The parties are hereby **ORDERED** to file a joint status report by **May 31, 2010.**

**IT IS SO ORDERED.**

ENTERED this 18th day of May, 2010.

                                    S/RALPH R. BEISTLINE
                                    UNITED STATES DISTRICT JUDGE

---

[11] See Dockets 90, 113, 118.

ORDER GRANTING SUMMARY JUDGMENT - 7
3:09-CV-0049-RRB

Case 3:09-cv-00049-RRB Document 126 Filed 05/18/10 Page 7 of 7